IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RYAN WALTERS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MEAD JOHNSON NUTRITION COMPANY, JAMES M. CORNELIUS, STEVEN M. ALTSCHULER, HOWARD B. BERNICK, KIMBERLY A. CASIANO, ANNA C. CATALANO, CELESTE A. CLARK, STEPHEN W. GOLSBY, MICHAEL GROBSTEIN, KASPER JAKOBSEN, PETER G. RATCLIFFE, MICHAEL SHERMAN, ELLIOTT SIGAL, and ROBERT S. SINGER,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Docket No. 1:17-cv-00344-LPS<br>)<br>) JURY TRIAL DEMANDED<br>)<br>) CLASS ACTION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATION OF DISMISSAL AND [PROPOSED] ORDER

WHEREAS, plaintiff filed the above-captioned action (the "Action") challenging the public disclosures made in connection with the proposed acquisition of Mead Johnson Nutrition Company ("Mead Johnson") by Reckitt Benckiser Group PLC (the "Transaction");

WHEREAS, the Action asserts claims for violations of sections 14(d), 14(e) and 20(a) of the Securities Exchange Act of 1934 by defendants relating to disclosures made in a Proxy Statement (the "Proxy Statement") filed with the SEC in support of the Transaction on or around March 13, 2017;

WHEREAS, defendants deny that plaintiff has asserted any meritorious claim, deny that the Proxy Statement contained any misstatement or omission, and assert that no further information is required to be provided;

rlf1 17569153v.1

WHEREAS, on May 19, 2017, Mead Johnson filed a supplement to the Proxy Statement on Form 8-K with the SEC that included certain additional information relating to the Transaction that addressed and mooted claims asserted in the Action regarding the sufficiency of the disclosures in the Proxy Statement (the "Supplemental Disclosures");

WHEREAS, plaintiff's counsel, in coordination with counsel for plaintiffs in *Rubin v. Mead Johnson Nutrition Company et al*, Docket No. 1:17-cv-00325-LPS (D. Del.); *Solak v. Mead Johnson Nutrition Company et al*, Docket No. 1:17-cv-00324-LPS (D. Del.); and *Steinberg v. Mead Johnson Nutrition Company et al,* Docket No. 1:17-cv-00304-LPS (D. Del.) (collectively the "Related Actions") believe they may assert a claim for a fee in connection with the prosecution of the Action and the issuance of the Supplemental Disclosures, and have informed defendants of their intention to petition the Court to determine the amount of such a fee if their claim cannot be resolved through negotiations between counsel for plaintiff and defendants (the "Fee Petition");

WHEREAS, all of the defendants in the Action reserve all rights, arguments and defenses, including the right to oppose any potential Fee Petition;

WHEREAS, no class has been certified in the Action;

WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to plaintiff or his attorneys and no promise, understanding, or agreement to give any such compensation has been made, nor have the parties had any discussions concerning the amount of any claim for mootness fees;

NOW, THEREFORE, upon consent of the parties and subject to the approval of the Court:

IT IS HEREBY ORDERED this _____ day of _____, 2017 that:

1. The Action is dismissed, and all claims asserted therein are dismissed with prejudice as to plaintiff only. All claims on behalf of the putative class are dismissed without prejudice.

2. Because the dismissal is with prejudice as to plaintiff only, and not on behalf of a putative class, notice of this dismissal is not required.

3. The Court retains jurisdiction of the Action solely for determining the forthcoming Fee Petition, if such Fee Petition becomes necessary.

4. This Order is entered without prejudice to any right, position, claim or defense any party (including in the Related Actions) may assert with respect to the Fee Petition, which includes defendants' right to oppose the Fee Petition.

5. To the extent that the parties are unable to reach an agreement concerning the Fee Petition, they may contact the Court regarding a schedule and hearing to present such petition to the Court.

6. Upon completion of briefing, the parties shall promptly contact the Court to schedule argument regarding plaintiff's Fee Petition at a time convenient to the Court.

7. If the parties reach an agreement concerning the Fee Petition, they will notify the Court. Upon such notification, the Court will close the Action.

Dated: June 1, 2017

**FARUQI & FARUQI LLP**

*/s/ Michael Van Gorder*
Michael Van Gorder (#6214)
20 Montchanin Road, Suite 145
Wilmington, DE 19807
Telephone: (302) 482-3182
mvangorder@faruqilaw.com

*Attorney for Plaintiff Ryan Walters*

          **RICHARDS, LAYTON & FINGER, PA**

          */s/ Gregory P. Williams*
          Gregory P. Williams (#2168)
          Chad M. Shandler (#3796)
          One Rodney Square
          920 North King Street
          Wilmington, DE 19801
          Telephone: (302) 651-7700
          Facsimile: (302) 651-7701
          williams@rlf.com
          shandler@rlf.com

          *Of Counsel:*

          **KIRKLAND & ELLIS LLP**

          Yosef J. Riemer, P.C.
          Elliot C. Harvey Schatmeier
          601 Lexington Avenue
          New York, NY 10022
          Telephone: (212) 446-4800
          Facsimile: (212) 446-4900

          *Attorneys for Defendant Mead Johnson Nutrition Company and the Individual Defendants*

SO ORDERED THIS _____ day of _____, 2017.

          _____
          United States District Judge